I must respectfully dissent, for I do not believe the jury in this matter was given all the relevant jury instructions. Without an adequate explanation of the law, no jury is capable of coming to a legally sufficient verdict.
A tragic fight which resulted in a serious injury has been followed by two jury trials that have failed to answer the only questions which are relevant. Was the defendant justified in using ANY FORCE to rescue his friend who was being assaulted by the drunken victim? There is sufficient evidence that the victim, in a state of intoxication, started the altercation outside the restaurant. There is also more than sufficient evidence to believe that the defendant joined the fight in progress.
Therefore, the critical question to be answered by the jury is whether or not the defendant was justified in coming to the aid of his friend. I do not know, since I was not there. Neither were the jurors. However, that is the whole point here. A jury is impaneled for the sole purpose of sorting out conflicting versions of the truth.
Once competent and relevant evidence has been presented on the issues, the trial court is required to submit all relevant matters to the jury. The defendant alleges he was acting in defense of another. The state claims that he was not. That is precisely why the matter needed to be resolved by the jury. However, the inquiry does not stop there.
If the jury were to find that the defendant was justified in stepping in to stop the fight between the drunken victim and his friend, then that same jury was required to determine whether the appropriate amount of force was used to meet the threat. The jury needed to weigh whether the defendant believed that he and his friend were in legitimate fear of "bodily harm" (O.J.I. 411.33) or "death or great bodily harm" (O.J.I. 411.31). The distinction is critical to the outcome of this case, and it was never submitted to the jury. Is bodily harm a punch to the jaw which leaves one stunned? Probably. Is great bodily harm caused when one is dropped on their head and rendered unconscious with internal bleeding? Yes. Outcome alone, however, is not determinative. Felonious assault is an intentional act.
Unfortunately, the questions which I raise were never resolved. The first trial resulted in a mistrial, and in the second trial the judge refused to permit the jury to consider the legally recognized "defense of another" instruction.
Was the defendant justified in joining the fight in progress outside the restaurant? I do not know. Were they waiting for the girls at 3:00 a.m. as they testified, or were they waiting in ambush as the state suggests? I do not know. Did the defendant use too much force to end the fray? Was that his intention? I do not know. Until those questions are answered, there has not been a fair trial.